**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 15, 2006[*]
Decided December 18, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2832

| | |
|---|---|
| JOHN O. BURNSIDE,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>OLD NATIONAL BANK,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 04 C 116<br><br>John Daniel Tinder,<br>*Judge.* |

**O R D E R**

Federal prisoner John Burnside sued Old National Bank ("ONB") in this diversity action under Indiana law for breach of contract and breach of fiduciary duty.  The district court granted summary judgment for ONB.  Burnside appeals, and we affirm.

Burnside maintained a "Liquid Gold Premium" account at Merchants National Bank ("Merchants") that became a "Basic Savings" account subject to a new interest rate when ONB acquired Merchants.  The interest rate change applied to all Basic Savings accounts.  Burnside's accounts were subject to an agreement

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

stating that the bank has "the right to change the rates and fees in accordance with the terms of the Schedule" and "reserve[s] the right to change any other term of this Agreement at [its] sole discretion." After the acquisition, Burnside requested ONB to send checks from his account to pay for costs associated with post-conviction proceedings in his criminal cases. However, Bureau of Prisons ("BOP") policy does not allow inmates to make withdrawals from savings accounts except in emergency situations, and even then the policy mandates that a BOP unit manager authorize the withdrawal in writing to the bank. No unit manager authorized Burnside's withdrawals, and ONB did not fulfill his check requests.

Burnside sued ONB, claiming that ONB breached the account agreement by changing his account without his consent and by preventing him from withdrawing funds. He also claimed that ONB breached its fiduciary duty when it failed to comply with his check requests. The district court granted summary judgment for ONB, finding that the account agreement gave ONB "sole discretion" to make the complained-of changes. The court also determined that ONB did not breach the account agreement by complying with the BOP restriction on withdrawals, and that no fiduciary relationship existed between the parties.

On appeal, Burnside argues that genuine issues of material fact exist as to whether ONB breached the account agreement by not obtaining his approval or notifying him before changing his Liquid Gold Premium account to a Basic Savings account and applying a new interest rate. To prevail on a breach of contract claim, however, Burnside must demonstrate the existence of a contract with ONB, breach of that contract, and damages resulting from the breach. *Nieto v. Kezy*, 846 N.E.2d 327, 333 (Ind. Ct. App. 2006). Burnside points to no contract term that would require ONB to obtain his approval before making the complained-of changes to his account. Nor does he explain how these changes were outside of ONB's right, as set forth in the account agreement, "to change the rates and fees in accordance with the terms of the Schedule" and to make changes to "any other term of this Agreement at [its] sole discretion." While the account agreement required ONB to give notice of amendments "as required by applicable law," Burnside has not identified what law, if any, he believes ONB violated by not giving him advance notice of the changes, and we will not conduct legal research to determine whether any law exists that might support his claim. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Muhich v. Comm'r*, 238 F.3d 860, 864 n.10 (7th Cir. 2001).

Burnside also argues that the sprawling declaration he submitted in opposition to summary judgment—in which he asserted that the BOP policy did not apply to his account—"irrefutably contradicted" ONB's assertion that the policy prevented it from fulfilling Burnside's check requests. But Burnside's assertion is not supported by the record, so his self-serving declaration does not create a

genuine issue of fact. *See Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001). And again, Burnside cannot prevail on his breach of contract claim unless ONB breached the account agreement, *see Nieto*, 846 N.E.2d at 333, and he has pointed to no provision in the account agreement that ONB breached by complying with the BOP restrictions. Nor has Burnside demonstrated that ONB damaged him by complying with the BOP restrictions. As the district court pointed out, Burnside's grievance lies with the BOP, which is the entity that restricted his ability to access his funds.

Burnside also argues that genuine issues of material fact exist as to whether a fiduciary relationship exists between himself and ONB, but it is well-settled in Indiana that "the mere existence of a relationship between parties of bank and customer or depositor does not create a special relationship of trust and confidence." *See Wilson v. Lincoln Fed. Sav. Bank*, 790 N.E.2d 1042, 1046 (Ind. Ct. App. 2003). Burnside points to no facts suggesting that he had any relationship with ONB that went beyond the typical bank-customer relationship.

Burnside has waived his remaining two arguments. He argues for the first time in his reply brief that the district court relied on the wrong account agreement, but arguments raised only in a reply brief are waived. *See United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006). Without elaboration, he also asserts that the court's decision "amounts to a judgment about the credibility of the Appellant's factual allegations." But the district court made no express credibility findings, and we cannot discern why Burnside thinks the court's decision rests on a credibility judgment. Burnside has waived this argument by failing to develop it. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 842, 852 n.6 (7th Cir. 2002).

                                                                        AFFIRMED.